914 F.2d 259
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gregory Robert MILLER, Defendant-Appellant.
 No. 89-6084.
 United States Court of Appeals, Sixth Circuit.
 Sept. 24, 1990.
 
 1
 Before KEITH and MILBURN, Circuit Judges; and ZATKOFF, District Judge.*
 
 ORDER
 
 2
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Defendant Miller pleaded guilty to unarmed bank robbery, a violation of 18 U.S.C. Sec. 2113(a). At his sentencing on March 22, 1985, the district court ordered restitution not to exceed $1,705.00 as a special condition of parole, pursuant to 18 U.S.C. Sec. 3579, and the mandatory fifty dollar assessment under 18 U.S.C. Sec. 3013. Miller thereafter filed a Fed.R.Crim.P. 35 motion to correct an illegal sentence in which he contended that the special assessment is a violation of the origination clause of the United States Constitution, Art. I, Sec. 7. Specifically, Miller claimed that the assessment is a revenue raising bill which did not originate in the House of Representatives, as required by the Constitution.
 
 
 4
 The district court denied the motion and this appeal followed. Miller reasserts his claim on appeal and further requests the appointment of counsel. The parties have briefed the issues, Miller proceeding pro se.
 
 
 5
 Upon review and in light of the United States Supreme Court's decision in United States v. Munoz-Flores, 110 S.Ct. 1964, 1972-74 (1990), we conclude that Miller's claim is without merit and was properly denied. The special assessment provision of 18 U.S.C. Sec. 3013 was passed as part of a particular program to provide money for that program--the Crime Victims Fund. Any revenue for the general Treasury that Sec. 3013 creates is merely incidental to that provision's primary purpose. 110 S.Ct. at 1973.
 
 
 6
 Accordingly, the request for counsel is hereby denied and the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, U.S. District Judge for the Eastern District of Michigan, sitting by designation